**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

ROBERT JOE STRANGE,                )
                                    )
            Plaintiff,              )
                                    )
v.                                  )        Case No. CIV-17-274-D
                                    )
JOE M. ALLBAUGH, et al.,            )
                                    )
            Defendants.             )

## REPORT AND RECOMMENDATION

Plaintiff, appearing pro se, submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 for filing. The matter has been referred by United States District Judge Timothy D. DeGiusti for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth, Plaintiff's action should be dismissed without prejudice because he has failed to comply with this Court's order to cure deficiencies, and thus failing to prosecute his case.

## I.  Procedural History

On March 13, 2017, Plaintiff filed his initial pleading. *See* Complaint [Doc. No. 1]. At the time of filing, Plaintiff neither paid the required $400.00 filing fee nor submitted an application for leave to proceed in forma pauperis. By Order [Doc. No. 4] dated March 16, 2017, the Court directed Plaintiff to cure this deficiency. Specifically, the Court ordered Plaintiff to pay the filing fee or submit an in forma pauperis application. Plaintiff did not timely cure the deficiency as directed.

Thereafter, by Order [Doc. No. 5] dated April 11, 2017, the Court sua sponte granted Plaintiff additional time, until April 25, 2017, to cure the deficiency. The Court Clerk's Office mailed Plaintiff the forms necessary to comply with the Order. Plaintiff was cautioned that failure to cure the deficiency could result in the dismissal of this action without prejudice to refiling.

On April 19, 2017, Plaintiff filed an "Affidavit in Forma Pauperis." [Doc. No. 7]. The document was stricken by order of April 20, 2017, because it was incomplete and submitted on an incorrect form. [Doc. No. 8]. The same day, this Court issued a Third Order to Cure Deficiency granting Plaintiff until May 11, 2017, to cure the deficiencies in his motion. As of this date, Plaintiff has not cured the deficiency. He has neither paid the $400.00 filing fee nor submitted a proper and complete application to proceed in forma pauperis. Further, he has neither sought an extension of time within which to comply with this Court's order nor shown good cause for his failure to comply with said orders.

## II.     Analysis

Plaintiff has failed to comply with the provisions of 28 U.S.C. § 1915(a)(2) and this Court's local rules. *See* LCvR 3.2, 3.3 and 3.4. Plaintiff's unexcused delay in curing the deficiency identified above constitutes a failure to prosecute this action, and as a result, this action should be dismissed without prejudice to refiling. *See, e.g.*, *AdvantEdge Business Group v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.") (citation omitted); *see also Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003) (addressing a district court's authority to dismiss a case sua sponte for failure to prosecute). Where, as here, a dismissal is without prejudice, the court generally need not follow any "particular procedures" in entering the dismissal order. *AdvantEdge*, 552 F.3d at 1236.

Plaintiff has thrice been warned that his failure to pay his filing fee or submit an application to proceed in forma pauperis could result in the dismissal of this action. Plaintiff's failure to comply has interfered with the Court's ability to manage its docket and resolve this action in an

orderly and expeditious manner. Under these circumstances, it is recommended that the action be dismissed without prejudice to refiling. If this Report and Recommendation is adopted, it is further recommended that Plaintiff's Motion to Appoint Counsel [Doc. No. 6] be denied as moot.

## RECOMMENDATION

For the reasons set forth above, it is recommended that Plaintiff's action be dismissed without prejudice to the filing of a new action.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Any objection must be filed with the Clerk of the District Court by June 20, 2017. Failure to timely object to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 30th day of May, 2017.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE